Matter of the Estate of MILES S. VICKERY, Deceased.

(Surrogate's Court, New York County, March, 1919.)

Executors and administrators — application requiring savings banks to turn over to new administrator deposits to the credit of the estate denied — Code Civ. Pro. § 2734.

> An application under section 2734 of the Code of Civil Procedure for an order requiring an administrator who has been removed, his surety, two savings banks, and a safe deposit company to turn over to the new administrator all property belonging to the estate, must be denied as to the banks though there is a deposit in each to the credit of the estate.

APPLICATION under section 2734 of the Code of Civil Procedure by a new administrator for an order directing that all property belonging to the estate be turned over to him.

Henry T. Hornidge, for petitioner.

R. & E. J. O'Gorman (Henry B. Hammond, of counsel), for respondent Emigrant Industrial Bank.

Edward R. Vollmer, for respondent East River Savings Institution.

FOWLER, S.   This is an application under section 2734 of the Code of Civil Procedure by the administrator herein for an order requiring the removed administrator, his surety, two savings banks and a safe deposit company, to turn over to said administrator all the property belonging to said estate.

That part of section 2734 applicable reads as follows: " The said court has also jurisdiction when an executor, administrator, trustee or guardian has died, absconded, been removed, or become insane to direct

the person so removed, or any person or corporation having possession or control of any property belonging to such estate or fund, to deliver the same to the court or to a successor duly appointed; or as directed by a decree made pursuant to section 2725 of this chapter.''

This application was instituted by an order to show cause instead of upon petition and citation, but this irregularity is immaterial to the disposition of this matter. The two saving banks alone contest this application. There is a deposit in each of said banks to the credit of this estate. It is well settled that the relation between a bank and a depositor is that of debtor and creditor, so that neither of these respondents has in its possession or control any property belonging to the estate of Miles S. Vickery, deceased, which would be the subject of any order of this court issued in applications of this nature. It may be true, as alleged, that there is no adverse claim of title, or any claim to possession made by third persons, but these facts do not enable me to dispose of this matter in any other manner. The application therefore is denied as to the two respondents, the savings banks.

Application denied as to two respondents.